# Kittanning Plate Glass Company *v.* Krakovitz, Appellant.

*Affidavit of defense—Practice, C. P.—Set-off—Failure to deliver goods.*

In an action upon a promissory note, an affidavit of defense is insufficient which avers, in support of a set-off, a breach of contract on the plaintiff's part to deliver two carloads of plate glass by reason of which defendants were compelled to buy in the open market at higher rates, without, however, specifying how much they bought or how much was originally ordered, or the total original contract price, or any definite figures from which the court could determine the amount of the purchases in the open market or fix the amount of the loss.

Argued Dec. 8, 1913.   Appeal, No. 219, Oct. T., 1913, by defendants, from order of C. P. No. 5, Phila. Co. June T., 1913, No. 3,779, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kittanning Plate Glass Company v. Max Krakovitz et al., trading as M. Krakovitz & Son.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Weaver,* for appellants.

*John J. Sullivan,* with him *Harry A. Heilman,* for appellee.

OPINION BY PORTER, J., April 20, 1914:

This is an appeal by the defendants from the order of the court below making absolute a rule for judgment

for want of a sufficient affidavit of defense. The affidavit of defense admitted the giving of the note upon which the plaintiff brought this action, and that it had been given for full value, but attempted to allege a set-off exceeding the amount of the note. The claim of set-off which the affidavit attempted to interpose as a defense was averred to have arisen out of the failure of the plaintiff company to perform a contract to sell and deliver to the defendants two carloads of plate glass in the month of April, 1913. The affidavit alleged that the plaintiff company had contracted to sell and deliver to the defendants, during April, 1913, two carloads of plate glass, but the contract stated in the affidavit, did not fix a lump sum to be paid for the carloads of glass; the price to be paid for the glass was dependent upon the size of the plates and varied from twelve cents to thirty-nine cents per square foot. The contract did not specify the sizes of the plates of which the carloads were to be made up, that was presumably left to be determined by the specifications which the defendants should furnish. The affidavit stated that the plaintiff had received from the defendants the specifications of sizes for the shipments, but it failed to state what sizes of plates were called for by said specifications. This omission renders it impossible to gather from the affidavit of defense the facts necessary to determine the amount of money for which the defendants were entitled to receive the two carloads of glass from the plaintiff company, for the price was dependent upon the size of the plates.

The affidavit alleges that on or about March 28, 1913, the market price for glass increased very materially, "all the way from three and a half cents to seven and a half cents a foot, and this deponent avers that it was on that account that the plaintiff refused to deliver the two cars of glass in the month of April as called for by the contract of sale." "That in order to get the glass it was necessary for them to pay all the way from

three and a half to seven and a half cents per foot more for the glass than the price under the contract with the plaintiff. That by reason of the plaintiff's breach of contract the defendants had been compelled to lay out for the purchase of other glass to take its place the sum of $1,480 more than they would have had to pay the plaintiff had the plaintiff delivered the two carloads of glass in accordance with their contract." The affidavit is here again indefinite; it avers that on or about a certain day the market price for glass increased from three and a half to seven and a half cents per foot, but as the prices called for by the contract varied with the size of the plates from the rate of twelve to that of thirty-nine cents per foot, it is impossible to determine from this affidavit whether the supposed increase in the market value of any given size of plate varied three and a half or seven and a half cents per foot, or what was the variation upon any given size of plate. The affidavit fails to state that the plates of glass which the defendants went into the market and bought were of the same sizes as those called for by the contract. It states that the defendants paid for glass to take the place of that which the plaintiff ought to have furnished the sum of $1,480 more than they would have been required to pay the plaintiff, but it fails to state that the plates of glass thus bought were of the same size which the plaintiff had in the contract undertaken to furnish. When an affidavit of defense attempts to set up a claim of set-off it must aver it with the same particularity required of a plaintiff in his statement of his cause of action. This affidavit of defense failed to state the facts necessary to sustain an action for the claim attempted to be set off. The claim being for damages resulting from the failure of plaintiff to deliver goods according to a contract, the measure of damages would be the difference between the contract price of the goods and the market value of the same goods at the time of the breach. An affidavit, in such a case, should distinctly

state the facts which will enable the court to determine the amount which the defendants would have been required to pay the plaintiff for the goods and the market value of those goods at the time of the failure of the plaintiff to deliver them. It is impossible to determine from this affidavit the amount which the defendants would have been required to pay the plaintiff for the goods or the amount which the defendants actually paid for the goods which they purchased in the market, or whether the plates of glass were of the same sizes which the plaintiff had undertaken to deliver to the defendants.

The judgment is affirmed.